Ryan Anfuso, OSB 103254
Email: ryan@ryananfuso.com
Anfuso Law PC
1 SW Columbia St. Suite 1625
Portland, OR 97204
Tel: (503) 946-3646
Fax: (503) 946-3223

**Attorney for Defendant Eli Victor McKenzie**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:25-cr-00250-AN |
| Plaintiff, | |
| vs. | **REQUEST FOR DISCOVERY** |
| **ELI VICTOR MCKENZIE,** | |
| Defendant. | |

Defendant, Eli Victor McKenzie, through her attorney, Ryan Anfuso, advises the Court and the government of her request, pursuant to the Federal Rule of Criminal Procedure 16 and the United States Constitution and other authorities cited below, that the United States Attorney disclose, produce, and make available for examination and copying by defense counsel, or her agents, the items described below, whether currently in the possession, custody, control, or knowledge of the United States Attorney, or any law enforcement agent, or which by the exercise of due diligence may become known to the attorneys for the government.

# REQUEST FOR DISCOVERY

Rule 16 of the Federal Rules of Criminal Procedure is "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 517 U.S. 465, 475 (1996) (Breyer, J., concurring) (quoting Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment); *see also United States v. Burns*, 15 F.3d 211, 215 n.2 (1st Cir. 1994).[1]

Moreover, under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), "the individual prosecutor has a *duty to learn* of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (emphasis added); *United States v. Hanna*, 55 F.3d 1456, 1461 (9th Cir. 1995) (same); *see United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("better practice is for the prosecutor herself to review [surveillance notes for *Brady* material]"); *see also* U.S. Dep't of Justice, *U.S. Attorney's Manual*, § 9-5.001(B)(2) (2018) ("It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team … includ[ing] federal, state, and local law enforcement officers and other government officials participating in … the criminal case against the defendant.").

In light of the foregoing, and in light of the authority set forth below, the defendant requests the government to produce discovery of the following:

1. All state or federal reports relating to the circumstances of any search involving the defendant or her property, each co-defendant and her property, or any other search related to this case, listing the items seized and the information obtained as a result of these searches. This

---

[1] All further references to "Rules" are to the Federal Rules of Criminal Procedure.

information is necessary to enable the defendant to prepare motions to suppress evidence. Rule 16(a)(1); 12(b)(4)(B); 41(h).

2. All written or recorded statements of the defendant and any co-defendant (including but not limited to grand jury testimony, telephone calls, depositions, etc.); see Rule 16 (a)(1)(B); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (where government "offered no compelling explanation" for non-disclosure of statements of co-defendant, court exercises discretion to order disclosure).

3. The substance of all oral statements of the defendant and any co-defendant to any government agent; *Alex*, 788 F. Supp. at 1016; *United States v. Camargo-Vergara*, 57 F.3d 993, 998-999 (11th Cir. 1995) (reversible error to fail to disclose defendant's post-arrest statement where defense strategy affected).

4. Any agent's underlying rough notes of the statements requested in items 2 and 3 above. *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of interviews, especially with the accused, are discoverable and must be preserved); *United States v. Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion under Rule 16 to order disclosure of notes of interview with defendant).

This request includes all entries in officers' field notebooks or equivalent. *United States v. Riley*, 189 F.3d 802, 803 (9th Cir. 1999) (reversing due to destruction of interview notes when there "was no substitute for the notes except thee recollections of the agent and the witness, which differed in several respects"); *Alvarez*, 86 F.3d at 904 n.2 ("Under the Jencks Act, witness statements, including reports prepared by testifying officers, must be turned over to the defense. Although an officer's 'rough notes' need not be disclosed pursuant to the Jencks Act as witness

statements, they must be disclosed pursuant to *Brady* if they contain material and exculpatory information." (citation omitted)).

5. A copy of the defendant's and co-defendant's record of prior convictions and the FBI rap sheet. Rule 16 (a)(1)(D); *see United States v. Audelo-Sanchez,* 923 F.2d 129, 130 (9th Cir. 1991) (per curiam). Both national and local criminal records should be searched. *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) ("The prosecutor will be deemed to have knowledge of and access to anything in the possession, custody, or control of any federal agency participating in the same investigation."); *see also United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (extending *Bryan* to agencies which did not participate in the investigation when prosecutor know of and had access to related files).

6. All book, papers, documents, tangible objects, photographs, buildings, or places which are "material to preparing the defense." Rule 16 (a)(1)(E)(i).

7. All items in request 6 above that belong to the defendant. Rule 16(a)(1)(E)(iii).

8. All items in request 6 above which were obtained from the defendant. Rule 16(a)(1)(E)(iii).

9. Any evidence, including but not limited to the items in request 6 above, that is "intended for use by the government" as evidence in its case in chief. Rule 16(a)(1)(E); *see* Rule 12(b)(4)(B); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992-995 (1st Cir. 1995) (government's failure to designate evidence was violation of former Rule 12(d)(2) "which creates a notice requirement").

10. Any and all results or reports of physical or mental examinations and of scientific tests or experiments, including but not limited to, chemical analysis, fingerprints, voice prints,

handwriting, and any forensic analysis of digital devices, including providing the defense access to the complete data available to the Government. *See* Rule 16(a)(1)(F).

11. A written summary of all expert-witness testimony the government intends to offer in its case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications." Rule 16(a)(1)(G); *United States v. Richmond*, 153 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith"; others no later than 45 days before trial); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given the defense to check the findings and conclusions of the government's experts"); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (defendants could not hire their own expert "until they were informed of the adverse report of the Government's expert").

12. A description of any prior conviction or prior "similar act" the government will seek to use at trial, whether during its case in chief, for impeachment, or for possible rebuttal. Fed.R.Evid. 404(b) (requiring "reasonable notice in advance of trial . . . of the general nature of any such evidence"); Advisory Committee Notes to 1991 Amendments (noting court can exclude evidence if prosecution fails to comply with pre-trial notice requirement of Rule).

13. The personnel files of each law enforcement agent who will testify in the case. The Assistant U.S. Attorney should direct that such files be examined for evidence of any allegations that any officer has ever made a false statement or has a reputation for dishonesty. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("prosecutor personally has a duty to learn of any favorable evidence known to others acting on the government's behalf"); *see United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to disclose magistrate's characterization of agent's testimony as "absolutely

incredible" which was in personnel file); *see United States v. Kiszewski*, 877 F.2d 210, 216 (2d Cir. 1989) (court must conduct in camera review of agent's personnel file to determine if impeachment matter [allegations that agent accepted bribes] should be disclosed).

14. Reports and records relating to any eavesdropping, wiretapping, electronic recording of any kind relating to this case. *See* 18 U.S.C.§ 2511 et. seq.

15. All notes or other writings or documents used by a prospective government witness before the grand jury. *United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

16. The names and addresses of all percipient witnesses interviewed by the government whom the government does not intend to call at the trial. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

17. The arrest and conviction record of each prospective government witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file); *Perkins v. Le Fevre*, 691 F.2d 616 (2d Cir. 1982); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980). The government is required to search both national and local criminal record files. *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

18. Any evidence that a criminal case has recently been dismissed against any prospective government witness. *See United States v. Smith*, 77 F.3d 511 (D.C. Cir. 1996) (dismissal of two felony cases pending against prosecution witness was material to impeachment and should have been disclosed pursuant to Brady); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

19. Any evidence that any prospective government witness has any criminal charge pending against him or her. *United States v. Fried*, 486 F.2d 201 (2d Cir. 1973); *United States v.*

*Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment relevant to bias and motive of witness).

20. Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2d Cir.1985).

21. Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case. U.S. Cont. amend. VI; *Roviaro v. United States*, 353 U.S. 53, 60-62 (1957).

22. Any evidence of express or implicit understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio v. United States*, 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (monies paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010 (2d Cir. 1989) (earnings of informant in past cases "highly relevant to the question of potential bias and interest"); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir 1974) ("protective" custody status, per diem and special privileges); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986) (implicit understanding must be disclosed even if no "promise" and even if conditional); *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) (reversible error not to disclose favors to cooperating witnesses including use of illegal drugs, regular unsupervised access to female visitors which facilitated sex and drugs in U.S. Attorney's office, and gifts of money, beer cigarettes, etc.).

23. Any evidence that any prospective witness has applied to, or requested from, the government any consideration or benefit including but not limited to any plea bargain, dismissal

of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1987).

24. Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 7 (4th Cir. 1979) (agreement between the prosecutor and the witness' attorney, where witness was informed that "everything would be all right", must be disclosed); *DuBose v. Lefevre*, 619 F.2d 973, 978-79 (2d Cir. 1980) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning).

25. The full scope of any witness' past cooperation with the government, including but not limited to all monies, benefits, and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability. *United States v. Shaffer*, 789 F.2d 682, 688-89 and n.7 (9th Cir. 1988); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010 (2d Cir. 1989) (evidence of past services highly relevant to bias and interest).

26. All statements of any prospective witness relevant to his testimony or relevant to impeachment or bias. *See Kyles v. Whitley*, 514 U.S. 419 (1995) (reversible error not to disclose evidence of misidentification by crucial witness); *United States v. Brumel-Alvarez*, 991 F.2d

1452 (9th Cir. 1992) (informant's recantation of earlier statement to D.E.A. had to be disclosed as Jencks Act as it bore on credibility); *United States v. Tincher*, 907 F.2d 600 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that could contradict his trial testimony).

27. Any evidence that any prospective witness has made an inconsistent statement to the government or any of its agents with respect to his or her proposed testimony. *See Kyles*, 514 U.S. at 454 (reversing for failure to disclose evidence of misidentification by crucial witness); *United States v. Cuffie*, 80 F.3d 514 (D.C. Cir. 1996) (reversible error not to disclose evidence that prosecution witness had lied under oath in a previous court proceeding involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found gross misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial testimony); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir. 1988) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker).

28. Any evidence that any prospective government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness. *See United States v. Minsky*, 963 F.2d 870, 874-77 (6th Cir. 1992) (witness' statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness' statement that he identified defendant at lineup); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (statement of police officer casting doubt on story of witness); *Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir. 1992) (statement of witness identifying another person as killer); *United States v. Galvis-Valderamma*,

841 F.Supp. 600 (D.N.J. 1994) (new trial granted where statements made by arresting officer to FBI agent that bag of heroin found in car not in plain view should have been disclosed).

29. Any evidence that any government witness has threatened another government witness in an attempt to influence his testimony. *United States v. O'Conner*, 64 F.3d 355, 359 (8th Cir. 1995).

30. Any evidence that a witness has engaged in crimes, even though he has not been convicted of those crimes. *See United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (prosecutor "using a witness with an impeachable past has a constitutionally derived duty to search for and produce impeachment information requested regarding the witness"); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *United States v. Boffa*, 513 F. Supp. 444 (D.Del. 1980) (prior bad acts of witness discoverable); *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993) (reversible error not to disclose ongoing illegal drug use by cooperating witnesses).

31. Any evidence that any prospective government witness has ever made any false statement to law enforcement authorities. *United States v. Bernal-Obeso*, 989 F.2d 331, 336-7 (9th Cir. 1993) (informant's lie to DEA about his criminal record); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (DEA agent's opinion of informant credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir. 1992) (error not to disclose witness' false statements to FBI).

32. Any evidence that any witness has a tendency to lie or exaggerate his testimony. *Brumel-Alvarez*, 991 F.2d at 1458 (requiring disclosure of DEA agent's negative view of

informant's credibility); *Strifler*, 851 F.2d at 1202 (must disclose probation file of witness showing tendency to lie or over-compensate).

33. Any evidence that any prospective witness has consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to her testimony or any time prior to testifying in court. *See United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility); *Burnside,* 824 F. Supp. at 1265-66 (reversible error to fail to disclose witnesses drug use because illegal drug use by the cooperating witnesses was relevant to the witnesses' abilities to recollect and relate events and "clear inducements from which a fact-finder could infer witnesses wanted to stay on government prosecutor's good side").

34. Any medical, psychological, or psychiatric evidence tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired. *See United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *Butler*, 481 F.2d at 534-535 (drug use); *United States v. McFarland*, 371 F.2d 701, 705 (2d Cir.1966) (prior hospitalizations of witness for mental illness); *Powell v. Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

35. Any evidence that a prospective government witness is biased or prejudiced against the defendant or has a motive to lie, exaggerate, falsify or distort her testimony. *See United States v. Bagley*, 473 U.S. 667, 683 (1985) (requiring disclosure that witnesses might have been biased against defendant); *Strifler*, 851 F.2d at 1202 (motive to inform discoverable); *see also Napue v. Illinois*, 360 U.S. 264, 270 (1959) (holding that some evidence of bias does not diminish the value of other evidence of bias).

36. Any impeaching or bad character evidence relating to any informant. *United States v. Bernal-Obeso*, 989 F. 2d 331, 335 (9th Cir. 1993) ("it is essential that relevant evidence bearing on the credibility of an informant-witness be timely revealed to . . . defense counsel").

37. Any evidence that a prospective government witness has not passed a polygraph examination or had inconclusive results. *Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir. 1987); *United States v. Lynn*, 856 F.2d 430, 432-33 (1st Cir. 1988).

38. Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crime charged. *Brady v. Maryland*, 373 U.S. 83 (1963) (statement of accomplice that he, not defendant, did actual shooting); *United States v. Crosby*, 75 F.3d 1343, 1346 (9th Cir. 1996) (reversible error to not admit evidence that person other than defendant was the guilty party); *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991) ("[a] defendant is entitled to introduce evidence which tends to prove someone else committed the crime"); *Banks v. Reynolds*, 54 F.3d 1508 (10th Cir. 1995) (reversible error not to disclose to defense that another person had been arrested for same crime); *Smith v. Secretary of New Mexico Dept. of Corrections*, 50 F.3d 801, 834 (10th Cir. 1995) (defendant denied fair trial by failure to disclose police reports, physical evidence, and witness statements pointed to a different murder suspect).

39. Any evidence that the government or any of its agents has ever viewed a prospective government witness as not truthful. *Brumel-Alvarez*, 991 F.2d at 1458 (reversing where prosecution withheld a report that would have impeached a witness).

40. The name of any person, whether or not he will be a witness, who could not identify the defendant or was unsure of her identity or her participation in the crime charged,

and the content of any such statement. See *Kyles*, 514 U.S. at 437 (reversible error not to disclose evidence of misidentification by crucial witness).

41. Any physical evidence tending to exculpate the defendant in whole or in part, tending to mitigate punishment, or tending to impeach a government witness. *See Miller v. Pate*, 386 U.S. 1 (1967) (reversible error not to disclose evidence that clothing was covered with paint, not blood); *United States v. Wood*, 57 F.3d 733 (9th Cir. 1995) (government had duty to disclose results of company research which would have been useful in impeaching government witnesses); *see also United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

42. Any evidence mitigating the punishment of the defendant, whether or not the sentence is pursuant to the guidelines. *Brady*, 373 U.S. at 84-85 (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant).

43. The commencement and termination date of the grand jury that indicted the defendant. *In Re Grand Jury Investigation*, 903 F.2d 180 (3d Cir. 1990).

44. The number of grand jurors attending each session of the grand jury and the number of grand jurors voting to indict. *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir.1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict").

45. The name of every prospective government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980)

(same); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial).

## THE PROSECUTOR HAS A DUTY OF INQUIRY

The prosecutor is requested to make personal and specific inquiry of each government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon. *Kyles*, 514 U.S. at 437 ("the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *Alvarez*, 86 F.3d at 905 ("the better practice is for the prosecutor herself to review [surveillance notes for Brady Materials]"); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (prosecutor has duty to consult with FDA for Brady material, the agency charged with administration of the statute); *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995) (prosecutor "has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir.1989) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency evidence if outside district of prosecution); *United States v. Santiago*, 46 F.3d 885, 893-894 (9th Cir. 1995) (government has access to Bureau of Prisons files on inmates); s*ee also Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993) (in not disclosing exculpatory evidence, government perpetrated fraud on the court by taking attitude that "the right hand did not know what the left hand was doing"); *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991) ("the prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); *Perdomo*, 929 F.2d at 969-971 (U.S. attorney responsible for locating criminal record in local jurisdiction as well as NCIC records); *United States v. Endicott*, 869 F.2d 452 455-56 (9th Cir.

1989) (knowledge of additional payments to witness imputed to prosecutor); *United States v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if prosecutor did not know of it); *United States v. Brooks*, 966 F.2d 1500 (D.C. Cir. 1992) (prosecutor must search police files for information affecting credibility of police officer who was key witness); *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980) (information in files of federal agency is deemed in possession of prosecutor); *United States v. Jackson*, 780 F.2d 1305, 1308 n.2 (7th Cir. 1986) (FBI's knowledge attributable to prosecutor); *Barbee v. Warden*, 331 F.2d 842, 846 (4th Cir. 1964) (exculpatory ballistics report known only to police deemed in possession of prosecutor); *United States v. McCord*, 509 F.2d 334, 342 n.14 (D.C. Cir. 1974) (en banc) ("prosecutor" includes "all agencies of the Federal Government involved in any way" in the case).

## THE PROSECUTOR HAS A DUTY OF CONTINUING DISCOVERY

The government has a continuing duty to disclose the foregoing evidence as soon as the government or any of its agents discovers its existence. *See* Rule 16(c); *Mooney v. Holohan*, 294 U.S. 103, 108 (1935) (prosecutor must disclose that witness had committed perjury even when he first learns this at trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did not disclose fact that witness would soon accept immunity offer).

The Ninth Circuit may invoke its supervisory power to reverse a conviction where a prosecutor breaches the duty to disclose. *United States v. McClintock*, 748 F.2d 1278, 1285 (9th Cir. 1984). Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez*, 608 F.2d 1261, 1265 n.6 (9th Cir. 1979); *United States v. Agurs*, 427 U.S. 97, 108 (1976).

The duty to disclose encompasses even those documents and statements the defense might already have. *Gantt v. Roe*, 389 F.3d 908, 913 (9th Cir. 2004) ("Though defense counsel could have conducted his own investigation, he was surely entitled to rely on the prosecution's representation that it was sharing the fruits of the police investigation."); *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("The availability of particular statements through defendant himself does not negate the government's duty to disclose.").

Disclosure is required even if, in the government's view, the evidence is not admissible at trial. *Spence v. Johnson*, 80 F.3d 989, 998 (5th Cir. 1996). Should the government have a good faith doubt whether evidence should be disclosed, he or she is required to ask the court for an in camera review. *United States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987) (good faith belief that defendant's statements not discoverable does not excuse failure to disclose); *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court).

DATED: June 20th, 2025

ANFUSO LAW, P.C.

By: _____
Ryan Anfuso, OSB No. 103254
ryan@ryananfuso.com
Tel.: (503) 946-3646
Fax: (503) 946-3223
Attorney for Defendant Eli Victor Mckenzie